**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL ENTES, | : | Civil Action No. 04-1736 (WHW) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| C.J. DEROSA, | : | |
| Respondent. | : | |

**APPEARANCES:**

    MICHAEL ENTES
    441 Franklin Avenue
    Brooklyn, New York 11238
    Petitioner Pro Se

    DANIEL J. GIBBONS, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE, United States Attorney
    970 Broad Street
    Suite 700
    Newark, New Jersey 07102
    Attorneys for Respondents

**WALLS, District Judge**

    Petitioner Michael Entes filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his federal sentence by the Bureau of Prisons ("BOP"). Respondents filed an Answer, arguing that the Petition became moot when BOP placed Petitioner in a community corrections center ("CCC") for 180 days on September 21, 2004. Having thoroughly examined the submissions of the parties, this Court dismisses the Petition as moot.

## I. BACKGROUND

Petitioner challenges the computation of his sentence by the BOP. The facts are not in dispute. Petitioner pled guilty to crimes in two federal courts, i.e., the United States District Court for the District of New Jersey and the United States District Court for the Eastern District of New York. On November 8, 2001, this Court sentenced Petitioner to a 67-month term of imprisonment, and three years of supervised release, for conspiracy to defraud the United States and wire fraud. See United States v. Entes, Crim. No. 00-683 (WHW) (D. N.J. filed Oct. 19, 2000). On October 21, 2002, the Eastern District of New York imposed a 63-month sentence for conspiracy to commit wire fraud and wire fraud, and five years of supervised release, to run concurrent to the sentence imposed in Crim. 00-683 (WHW). See United States v. Entes, Crim. No. 00-861 (SJ) (E.D.N.Y. filed Aug. 10, 2000).

On October 6, 2003, Petitioner filed a motion in the Eastern District of New York to amend/correct the Judgment. On January 21, 2004, Judge Johnson entered an amended judgment correcting the count information. By letter dated December 8, 2003, Petitioner asked Judge Johnson to further amend the judgment. On August 16, 2004, Judge Johnson entered a second amended judgment. This judgment is identical to the judgment it replaced, except it added the following sentence: "In accordance with U.S.S.G. 5G1.3(b), the defendant shall receive jail credit from October 20, 2000, the beginning date of his contin[uous] federal custody." Id. Docket entry #148.

Petitioner was confined at FCI Fort Dix in New Jersey when he filed the instant Petition. Relying on U.S.S.G. § 5G1.3(b) and Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), Petitioner seeks a writ of habeas corpus directing Respondents to recalculate his federal sentence by

2

running the Eastern District of New York sentence retroactively concurrent to the District of New Jersey sentence, such that both sentences would have been served upon expiration of the longer District of New Jersey sentence.  Respondents filed an Answer, accompanied by the declaration of Inmate Systems Manager Robert Mayer, and several exhibits.  Respondents contend that the Petition is moot because, after BOP received the second amended judgment from the Eastern District of New York on August 26, 2004, it recalculated Petitioner's sentence, giving him the relief he seeks.  BOP deducted the time Petitioner served from October 20, 2000, through November 7, 2001, and deducted 262 days good conduct time, calculating a projected statutory release date of August 26, 2005.  BOP deducted only 160 days or 5.33 months from this projected date for successful completion of the Residential Drug Abuse Treatment Program, pursuant to 18 U.S.C. § 3621(e), setting a projected satisfaction date of March 19, 2005.[1]  Finally, BOP indicates that it would place Petitioner in a CCC for 180 days, effective September 21, 2004.

In his Reply to the Answer, Petitioner concedes that the Sentence Monitoring Computation Data sheet, attached to the Answer, correctly calculates his projected statutory release date as August 26, 2005.  However, Petitioner maintains that, deduction of the one-year incentive for successful completion of a residential drug abuse treatment program, pursuant to 19 U.S.C. § 3621(e), yields a projected satisfaction date of August 26, 2004, rather that March 19,

---

[1] Robert Mayer asserts that BOP reduced Petitioner's sentence by one year for successful completion of the Residential Drug Abuse Program, (Mayer declaration ¶ 9), but the sentence monitoring computation data sheet attached to his declaration indicates that BOP reduced the sentence pursuant to 18 U.S.C. § 3621(e) by only 160 days or 5.33 months.

3

2005. Thus, Petitioner contends that the required 180-day placement in a CCC should have commenced on February 26, 2004, as opposed to September 21, 2004.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

This Court has subject matter jurisdiction under § 2241 because Petitioner was in custody when he filed the Petition. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973) (claim for credit for time served prior to federal sentencing); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998). The question here is whether the release of Petitioner from custody upon the expiration of his sentence on March 19, 2005, caused his Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States

4

Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy. Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired. The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot. See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison and a notation had been placed in his file stating that the transfer should have no bearing in any future determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated").

In this case, Petitioner challenges the BOP's calculation of his custodial sentence. When the released Petitioner upon the expiration of his term of imprisonment, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7. Accordingly, the Court dismisses the Petition as moot.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

_____
WILLIAM H. WALLS, U.S.D.J.

Dated: June 29th, 2007

6